Abraham J. Gellinoff, J.
Motions 84 and 101 — which seek similar relief — are determined together.
Pursuant to section 158 of the Civil Practice Act, petitioner seeks to be relieved from liability as surety on the bond of two of the individual members of the committee of the incompetent, which committee is now composed of four members. The order appointing the four members of the committee directed a joint bond for the amount provided. On this motion, the petitioner contends that it has an absolute right under section 158 of the Civil Practice Act to the relief requested.
Section 158 does give the surety the right to be discharged from future liability on the bond. However, the petitioner is not seeking to be discharged from liability on the bond but rather to be discharged from liability as to only two of the four principals named in the bond. Section 158 in the instant case must be read with subdivision 5 of section 1375 of the Civil Practice Act. Under subdivision 5 of section 1375 the court is empowered to exercise its discretion and to direct a joint bond for the amount provided.
To grant the relief requested would constitute a modification of the existing order directing that a joint bond be given, for section 158 provides that, upon discharging the surety, the court require the principal to file a new bond. In the instant case that would result in a continuance of the joint bond as to the two remaining principals and a separate, individual bond *231 as to the others, particularly, Michael T. Marshall, Jr. In short, to grant the relief requested, would constitute not a discharge from liability on the bond but a modification of the scope of liability on the bond.
A Judge or court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction (Mount Sinai Hosp. v. Davis, 8 A D 2d 361). No doubt the court directing a joint bond in the first instance, had good reason for doing so; and nothing in section 158 gives the petitioner the right to partial discharge from liability thereunder.
It would appear that the petitioner either should stay on the bond for all the principals, or seek to be discharged from liability thereunder in its entirety. Of course, there is nothing to prevent the parties on whose application the committee was appointed from moving for reconsideration of the order which named the present committee and which at that time directed that the bond to be filed be a joint one.
The motions are therefore denied without prejudice to new or other motions not inconsistent with the denial of these motions.